IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent, | * | |
| | * | |
| vs. | * | No. 4:05CR00066 SWW |
| | * | (No. 4:08CV0169 SWW) |
| CRAIG L. WATSON, | * | |
| | * | |
| Petitioner. | * | |

**Memorandum Opinion and Order**

Before the Court is petitioner's *pro se* motion and amended motion for relief pursuant to 28 U.S.C. § 2255. The government responded to the motions, and petitioner filed a reply to the responses. For the reasons stated below, the motions are denied.

**Background**

On March 1, 2005, a grand jury in the United States District Court for the Eastern District of Arkansas returned a four-count superceding indictment charging Petitioner Craig L. Watson with conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S. C. § 846; distribution of seven grams of cocaine base; attempt to distribute more than five grams of cocaine base; and possession with intent to distribute more than 50 grams of cocaine base, all in violation of 28 U.S.C. § 841. After a trial in August 2005, a jury convicted petitioner on all counts. Petitioner's motion for a new trial was denied. On July 12, 2006, judgment was entered sentencing petitioner to 276 months in prison.

Petitioner appealed his conviction, alleging violation of his Sixth Amendment right to counsel on the basis that he had unknowingly been represented by counsel who had been

suspended from the practice of law by state authorities.  The Eighth Circuit affirmed his conviction, declining to adopt a *per se* rule for his ineffective assistance of counsel claims. *United States v. Watson,* 479 F.3d 607, 611 (8th Cir. 2007).

From the time of his initial arraignment in May 2004 until after his trial, petitioner was represented by retained counsel R. S. McCullough.  In February 2005, McCullough was suspended from the practice of law by state authorities.[1]  His federal practice status was not affected until January 2006, when McCullough's right to practice in federal court was suspended pending the outcome of the state disciplinary action.  In February 2006, the Court appointed the Federal Public Defender to represent petitioner.  He later retained new counsel who represented Watson throughout his sentencing proceedings and subsequent appeal.

In his original § 2255 motion filed on February 22, 2008, Watson raised four grounds for relief, all pertaining to the actions of his new counsel and the Court in connection with his sentencing hearing.  In his amended motion filed on March 14, 2008, he raised additional claims, most of which concern alleged errors during his trial.

## Discussion

Petitioner alleges the Court violated his right to have counsel present during his interview with the probation officer.   He says that while in custody pending sentencing, he had an interview with the probation officer, and this occurred during the time in which his previous counsel had been terminated and before new counsel had been appointed to represent him.  In his reply, Watson complains the Court should have advised him of his counsel's termination and

---

[1] The Court gave petitioner the opportunity to obtain new counsel in light of issues involving Mr. McCullough; petitioner declined to change counsel.  *See* docket entry 19.

given him the opportunity to retain counsel or appoint him counsel prior to his pre-sentence interview.

No court has held that the Sixth Amendment applies to routine pre-sentence interviews. *See United States v. Archambault,* 344 F.3d 732, 736 n. 4 (8th Cir. 2003). Rule 32(c)(2) of the Federal Rules of Criminal Procedure provides that "[t]he probation officer who interviews a defendant as part of a pre-sentence investigation must, on request, give the defendant's attorney notice and a reasonable opportunity to attend the interview." There is nothing in the record and petitioner does not allege that he requested that counsel be present and that the probation officer denied that request. There is no evidence that petitioner is entitled to relief on this ground.

Petitioner alleges that the Court failed to properly ascertain whether he had been provided with a copy of the Presentence Report ("PSR") prior to his sentencing hearing. In his reply, he claims his counsel never showed him the PSR or reviewed it with him prior to sentencing. He claims that once he had a chance to review the PSR, he found "some inaccuracies" which could have been pointed out and objected to at sentencing. Rule 32 (i)(1)(A) of the Federal Rules of Criminal Procedure provides: "At sentencing, the court: (A) must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." The Eighth Circuit has yet to directly address whether a violation of Rule 32 is cognizable in a § 2255 motion. Nonetheless, the court has recognized that claims such as alleged violations of Rule 32 may be cognizable in a § 2255 motion if the alleged errors demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair

procedure." *Poor Thunder v. United States,* 810 F.2d 817, 821-22 (8th Cir. 1987)(internal quotation omitted).

Even if the Court should find that a violation of Rule 32(i)(1)(A) is cognizable, the record reflects that the Court properly ascertained whether Watson and his counsel had reviewed the PSR.  Various circuit courts that have ruled on the matter have held that a court need not explicitly or directly question the defendant.  *See United States v. Lockhart,* 58 F.3d 86, 88 (4th Cir. 1995); *United States v. Manrique,* 959 F.2d 1155, 1157-58 (1st Cir. 1992); *United States v. Victoria,* 877 F.2d 338, 340 (5th Cir. 1989); *United States v. Stevens,* 851 F.2d 140, 143-44 (6th Cir. 1988); *United States v. Cortez,* 841 F.2d 456, 460 (2nd Cir. 1988); *United States v. Aleman,* 832 F.2d 142, 144 (11th Cir. 1987); *United States v. Mays,* 798 F.2d 78, 80 (3rd Cir. 1986); *but see United States v. Rone,* 743 F.2d 1169 (7th Cir. 1984).  Compliance with Rule 32 may be ascertained by the court if "somehow" the court determined that the defendant and his counsel had enjoyed the opportunity to read the PSR.  *Stevens,* 851 F.2d at 143.

It is evident from the record that petitioner and his counsel had reviewed the PSR prior to his sentencing.  *See* docket entry 104 (PSR Objections, filed May 15, 2006).  During the sentencing hearing, Watson's counsel stated he had visited with Watson three to four times prior to the sentencing hearing.  *See* Sentencing Tr. at 81.  At the sentencing hearing, counsel raised numerous detailed objections to the PSR, many of which were addressed before the sentencing hearing.  *Id*. at 53-54.  The Court spoke at length with petitioner's counsel and addressed each of his objections.  *Id.* at 53-70.  The Court finds the evidence supports a finding that the Court had enough information to determine that Watson and his counsel had reviewed the PSR and discussed it prior to the sentencing hearing.    His motion for relief on this ground is meritless.

Petitioner complains that his counsel was ineffective for failing to object to factual inaccuracies in the PSR and in failing to file a motion under 28 U.S.C. § 2255 after the Eighth Circuit affirmed his conviction and sentence.  To establish that he was deprived of effective assistance of counsel, Watson must demonstrate first, that his counsel's performance was constitutionally deficient and second, that the deficient performance prejudiced the defense.  *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  The court need not address both components if the petitioner makes an insufficient showing on one of the prongs.  *Id.* at 697.

When examining whether an attorney has failed to meet the *Strickland* standard, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  Furthermore, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.  The correct inquiry is not whether counsel's decision was correct or wise, but whether it "was an unreasonable one which only an incompetent attorney would adopt" considering all the circumstances. *Parton v. Wyrick,* 704 F.2d 415, 417 (8th Cir. 1983).

The prejudice prong requires Watson to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984).  "Prejudice, for purposes of an ineffective assistance of counsel claim, means that 'one's confidence in the outcome of the trial is undermined.'" *United States v. Flynn,* 87 F.3d 996, 1000-01 (8th Cir. 1996) (citations omitted).

As discussed previously, the record shows that Watson's counsel raised numerous objections, including factual inaccuracies contained in the PSR.  Counsel objected to the drug

5

computation, possession of weapons, the enhancement for Watson's role in the offense, the criminal history calculation and prior arrests. *See* Sent. Tr. at 54-55. The record reflects no deficiency in counsel's performance. *See United States v. Tunsteall,* 17 F.3d 245, 246-47 (8th Cir. 1994)(where record indicated that counsel had in fact objected to factual inaccuracies in the PSR but the court rejected those objections, counsel was not deficient in his conduct).

As to his claim that his counsel was ineffective for failing to file a § 2255 motion, even if he did ask counsel to do so, Watson can show no prejudice. Petitioner was able to file a § 2255 motion as is evident by the pleadings before the Court.

In his amended motion for relief under § 2255, Watson claims the Court (1) violated his right to due process by admitting testimony of co-conspirators under Fed.R.Evid.801; (2) abused its discretion by "constantly overruling all of defense counsel [sic] motions and objections;" (3) denied his right to a fair trial by relying on the testimony of co-conspirators where "it was clearly observed that there was a scheme to present false claims against" him; (4) erred by failing to excuse a juror; (5) erred in excusing one juror and not the alternate juror; (6) denied his right to an impartial jury; (7) violated his right to be sentenced on accurate information under Rule 32; and (8) violated his right to a speedy trial. For his final ground for relief, Watson claims his counsel was ineffective for seeking to waive the presentence interview without petitioner's knowledge and consent and for not being present at the interview with the probation officer.

The first eight grounds for relief raised by Watson in his amended motion are grounds which should have been raised on appeal. As a general rule, a claim which was not raised on direct appeal is procedurally defaulted and cannot be raised in a § 2255 motion. *United States v. Moss,* 252 F.3d 993, 1001 (8th Cir. 2001). A petitioner can overcome this default if he can

demonstrate either (1) cause for the default and actual prejudice or (2) actual innocence. Petitioner does not allege he was actually innocent, and he makes no argument as to why the first eight grounds were not objected to or raised on appeal other than to say his counsel failed to file an appeal. Because Watson fails to show adequate cause to excuse his failure to raise the issues on direct appeal, the motion is denied on these grounds.

For his final ground for relief, Watson alleges his counsel was ineffective for allegedly asking to waive the pre-sentence interview with the probation officer without petitioner's knowledge, and for failing to be present when Watson was interviewed by the probation officer. The Court finds petitioner fails to show that his counsel's conduct was constitutionally deficient. A decision to waive a pre-sentence interview is clearly within the discretion of counsel as a matter of trial strategy, and within the wide range of reasonable professional assistance. Further, Watson makes no showing of prejudice.

Petitioner's argument about counsel not being present at the interview with the probation officer also fails to establish ineffective assistance of counsel. As stated previously, Watson has no constitutional right to counsel in a pre-sentence interview, and there is no evidence that he requested that counsel be present. Petitioner cannot show prejudice in this instance, and thus his claim of ineffective assistance of counsel is denied.

## Conclusion

IT IS THEREFORE ORDERED that petitioner's motion and amended motion for relief pursuant to 28 U.S.C. § 2255 [docket entry 130 and 136] are denied.

DATED this 18th day of April 2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE