IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * * * * | |
| vs. | * | No. 4:05CR00066 SWW |
| CRAIG L. WATSON | * * * * | |

**Order**

Before the Court is defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1] The government responded in opposition to the motion. Having considered the matter, the Court denies defendant's motion for a sentence reduction.[2]

Defendant was tried and convicted of conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846; distribution of seven grams of cocaine base; attempt to distribute more than five grams of cocaine base; and possession with intent to distribute more than 50 grams of cocaine base, all in violation of 28 U.S.C. § 841. He was sentenced to 276 months in prison. At the time the Court imposed sentence, the guidelines were advisory not mandatory, with an

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[2] Defendant filed a *pro se* motion for reduction of sentence in January 2008 (docket entry 128), and a *pro se* motion for relief pursuant to 28 U.S.C. § 2255 in February 2008 (docket entry 132). He filed an amended §2255 motion in March 2008 (docket entry 136), and the government filed a response. The Court appointed counsel to represent defendant in his motion for reduction of sentence (docket entry 137), but defendant proceeded *pro se* in his § 2255 motion. The Court denied defendant relief under § 2255, and the Eighth Circuit affirmed the judgment. After the mandate was issued, the Court appointed new counsel to represent defendant in his motion to reduce sentence (docket entry 156).

advisory guidelines range of 360 years to life, based on a total offense level of 40 and a criminal history category of III.  The crack cocaine amendments would result in a lower advisory guideline range of 292-365 months, based on a total offense level of 38 and a criminal history category of III.  Defendant asserts this qualifies him for a reduction and asks the Court to reduce his sentence to 240 months, the statutory minimum for the offense.

As amended, U.S.S.G. § 1B1.10(b)(2)(B) provides that "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker,* 543 U.S. 220 (2005), a further reduction generally would not be appropriate."  As noted by the government, the existing sentence is below the minimum of the newly calculated advisory guideline range (*i.e.* 276 versus 292), and this Court previously rejected the guidelines sentence and instead imposed a sentence under 18 U.S.C. § 3553(a) that was based on defendant's offense conduct, criminal history, and the statutory mandatory minimum.  The Court also considered testimony by defendant's sister and girlfriend, and determined that the sentence of 286 months was fair considering all of the circumstances.

Defendant's sentence is above the statutory minimum of 240 months but still below the advisory guidelines range, and defendant has not set forth circumstances that would warrant a modification of his sentence.

The Court, therefore, denies defendant's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) [docket entry 160].[3]

SO ORDERED this 4th day of January, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[3] Defendant's *pro se* motion [docket entry 128] is also denied.